**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50589 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-04341-JM-1 |
| v. | |
| LEWIS DONALD GUESS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Argued and Submitted February 16, 2012
Pasadena, California

Before:     FARRIS and W. FLETCHER, Circuit Judges, and HELLERSTEIN,
Senior District Judge.**

Lewis Donald Guess ("Appellant") appeals his conviction on two counts of

willfully filing a false tax return in violation of 26 U.S.C. § 7206(1).  Appellant

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        **       The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S.
District Court for Southern New York, sitting by designation.

challenges the sufficiency of the evidence supporting the conviction and the preclusion of the testimony of a defense witness who indicated that he would refuse to answer certain cross-examination questions. We assume familiarity with the record. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

The conviction results from a charitable deduction claimed by Appellant on his 2001 and 2002 federal income tax returns. Appellant claimed that on December 31, 2001, he contributed shares of stock in a closely-held corporation that he controlled (Xelan Insurance Services, Inc.), which he valued at $800,000, to a 501(c)(3) organization that he also controlled (Xelan Foundation). The district court found, following a bench trial, that the claimed donation had not occurred and that Appellant willfully filed tax returns stating the contrary.

At trial, Appellant proposed to call David Jacquot, the general counsel for certain of Appellant's entities, as a witness to testify in support of Appellant's contentions as to the claimed donation. After reviewing the questions proposed to be addressed to Jacquot, the district court determined that Jacquot could not testify because he intended to invoke his Fifth Amendment privilege with respect to certain cross-examination questions, for he was himself under indictment.

A challenge to the sufficiency of the evidence supporting a criminal conviction requires us to determine if, "viewing the evidence in the light most

favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc). The essential elements of willfully filing a false tax return in violation of 26 U.S.C. § 7206(1) are: (1) the defendant made and subscribed a tax return that was incorrect as to a material fact; (2) the tax return subscribed by the defendant contained a written declaration that it was made under the penalties of perjury; (3) the defendant did not believe the tax return to be true and correct as to every material matter; and (4) the defendant falsely subscribed to the tax return willfully, with the specific intent to violate the law. *Kawashima v. Holder*, 615 F.3d 1043, 1054-55 (9th Cir. 2010). Viewed in the light most favorable to the government, the evidence submitted at trial was sufficient to permit a rational trier of fact to conclude beyond a reasonable doubt that Appellant willfully filled two false tax returns in violation of 26 U.S.C. § 7206(1).

A challenge to the district court's preclusion of the testimony of a defense witness is reviewed for abuse of discretion. *United States v. Klinger*, 128 F.3d 705, 709 (9th Cir. 1997). This Court "permit[s] the exclusion of a defense witness's testimony when the witness has refused on cross-examination to respond

3

to questions on non-collateral matters." *Denham v. Deeds*, 954 F.2d 1501, 1504 (9th Cir. 1992). "In deciding whether the testimony of a particular witness should be excluded because that witness will refuse to answer 'non-collateral' questions, a district court must ordinarily determine whether a witness will invoke his Fifth Amendment privilege in response to specific questions." *Klinger*, 128 F.3d at 709 (internal quotation marks omitted).

The district court reviewed the proposed questions to be asked of Jacquot. Jacquot's counsel stated that he intended to invoke Jacquot's Fifth Amendment privilege such that Jacquot would not answer certain cross-examination questions, including questions regarding his involvement with, and compensation received from, certain of Appellant's entities. The district court found that, given the specific allegations against Appellant and Jacquot's alleged involvement therein, these questions were on non-collateral matters and thus did not abuse its discretion in not allowing Jacquot to testify.

**AFFIRMED.**